IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN MOXLEY, #07063063, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0071-N |
| | ) | |
| RICARDO L JORDAN, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a pre-trial detainee.

Parties: At the time of filing this action Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas. His whereabout are presently unknown. Defendants are Attorney Ricardo L. Jordan, the Dallas County Sheriff's Department, and Dr. Camille Kempke of the Psychiatriac Department at the Dallas County Jail. The court did not issue process in this case, pending preliminary screening.

Findings and Conclusions: Plaintiff filed the complaint on the court-approved form for filing civil rights action under 42 U.S.C. § 1983. At page 2 of the form in bold type is a paragraph entitled "Change of Address." The paragraph advises a litigant that it is his responsibility to inform the court of any change of address and its effective date, and to submit

the notice to the court in writing. The paragraph cautions the litigant that failure to file a notice to the court of change of address may result in the dismissal of the complaint for failure to prosecute under Rule 41(b), Federal Rules of Civil Procedure.

On March 7, 2008, the court issued a filing fee order granting Plaintiff's motion for leave to proceed *in forma pauperis*. On March 17, 2008, the order was returned to the Court with the notation: "return to sender, not in Dallas County Jail." As of the date of this recommendation, Plaintiff has failed to contact the Court or to notify it of his new address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner has been given ample notice that he must keep the court appraised of his change of address. He has refused or declined to do so. The Court is not required to delay disposition in this case until such time as Plaintiff provides his current address. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff at his last known address.

Signed this 3rd day of April, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.